JUDGE PRESKA

07 CV 5842

FREEHILL HOGAN AND MAHAR, LLP
80 Pine Street
New York, NY 10005
(212) 425-1900
Patrick J. Bonner (PB3352)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUN 2 0 2007

U.S.D.C. S.D.N.Y.
CASHIERS

----------------------------------------------------------------x

James F. Simermeyer and James F. Simermeyer II,

             Plaintiffs

   -against-

AeroSur USA,

             Defendant

----------------------------------------------------------------x

07 Civ. _____

New York Civil Court
Index. No. 020439 CVN 2007

**DEFENDANT'S NOTICE
OF REMOVAL**

     Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, defendant AeroSur USA, Inc. ("AeroSur USA"), by counsel, hereby removes to this Court the state court civil action described below and states in support as follows:

     1. On or about April 27, 2007, plaintiffs commenced a civil action in the Civil Court of the City of New York, County of New York, against AeroSur USA entitled *James F. Simermeyer and James F. Simermeyer II v. AeroSur USA*, Civil Court of the City of New York, County of New York, Index No. 020439 CVN 2007 ("the State Court Action").

     2. AeroSur USA first received plaintiffs' Summons and Verified Complaint in the State Court Action on May 25, 2007 through delivery to personnel in its office in Miami, Florida by a member of the Miami-Dade Police Department. Accordingly, this Notice of Removal is timely filed with this Court pursuant to 28 U.S.C. § 1446(b).

NYDOCS1/285527.1

3. The Summons and Verified Complaint attached hereto as Exhibit A constitute true copies of all process, pleadings, papers and orders that have been served on AeroSur USA in the State Court Action.

4. Plaintiffs allege in their Verified Complaint that they traveled as ticketed passengers on an AeroSur USA flight from Miami, Florida to Santa Cruz, Bolivia, on December 26-27, 2006. Plaintiffs allege that when they appeared at the airport on January 3, 2007 for their return flight to Miami, AeroSur USA personnel informed them that such flight was overbooked and that they should return for AeroSur USA's next flight to Miami to see if seats would be available. Plaintiffs allege that, instead of returning for the next AeroSur USA flight to Miami, they purchased and used tickets on a different airline.

5. Given plaintiffs' allegations described in paragraph 4 above, plaintiffs' claims arise exclusively under the Convention for the Unification of Certain Rules for International Carriage by Air, Done at Montreal on May 28, 1999 ("Montreal Convention"). The Montreal Convention superseded its predecessor, the Convention for the Unification of Certain Rules Relating to International Carriage by Air, Oct. 12, 1929 ("Warsaw Convention"), which had previously governed air carrier liability related to international flights. Montreal Convention, S. Treaty Doc. No. 106-45, 1999 WL 33292734; *Paradis v. Ghana Airways Ltd.*, 348 F. Supp.2d 106, 111 (S.D.N.Y. 2004) ("The Montreal Convention . . . replaced the Warsaw Convention entirely."), *aff'd*, 194 Fed. Appx. 5 (2d Cir. 2006).[1]

6. The United States is a signatory to the Montreal Convention. U.S. Department of State, *Treaties in Force 2006* at 384-85. Like the Warsaw Convention, the Montreal Convention is a treaty ratified by the United States and is thus "the law of the land." *El Al*

---

[1] "The Montreal Convention is the product of an effort by the International Civil Aviation Organization, a specialized agency of the United Nations, to reform the Warsaw Convention so as to harmonize the hodgepodge of supplementary amendments and intercarrier agreements of which the Warsaw Convention system of liability consists." *Ehrlich v. American Airlines, Inc.*, 360 F.3d 366, 371 (2d Cir. 2004) (citation omitted).

2

*Israel Airlines, Ltd. v. Tseng*, 525 U.S. 155, 167 (1999). The provisions of the Montreal Convention are very similar, and in some instances identical, to those of the Warsaw Convention, and should be interpreted similarly. *Paradis*, 348 F. Supp.2d at 111; *Baah v. Virgin Atlantic Airways Ltd.*, 473 F.Supp.2d 591, 595-97 (S.D.N.Y. 2007).

7. Article 1(1) of the Montreal Convention provides that it applies "to all international carriage of persons, baggage or cargo performed by aircraft for reward." Article 1(2) defines "international carriage" as follows:

> [A]ny carriage in which, according to the agreement between the parties, the place of departure and the place of destination, whether or not there be a break in the carriage or a transhipment, are situated either within the territories of two States Parties, or within the territory of a single State Party, if there is an agreed stopping place within the territory of another State, even if that State is not a State Party.

8. Plaintiffs' "place of departure" and "place of destination" was the United States, with an intermediate stop in Bolivia. Because the United States is a State Party to the Montreal Convention and because plaintiffs' air travel involved "international carriage" as defined in Article 1(2), the Montreal Convention governs the rights and liabilities of plaintiffs and AeroSur USA. *See Alexander v. Pan American World Airways, Inc.*, 757 F.2d 362, 363 (D.C. Cir. 1985) ("If [plaintiff] flew on a round trip ticket from the United States to Jamaica and back, as seems likely, the flight was international under the terms of the Warsaw Convention. . . . This is true because the United States is a High Contracting Party to the Convention, and round trips originating in and going outside High Contracting Parties are international under the Convention, regardless of whether the intermediate destination is a High Contracting Party.").

9. Article 19 of the Montreal Convention provides in part that an airline "is liable for damage occasioned by delay in the carriage by air of passengers, baggage or cargo." Plaintiffs' claims are for delay in international air carriage. *See Paradis*, 348 F. Supp.2d at

3

112-14 ("A passenger cannot convert a mere delay into contractual non-performance by choosing to obtain more punctual conveyance.") (citations omitted).[2] Where the Montreal Convention applies, as it does with respect to plaintiffs' delay claims, it provides the exclusive cause of action and preempts all state and federal law claims. *Tseng*, 525 U.S. at 161, 169, 176; *King v. American Airlines, Inc.*, 284 F.3d 352, 361-62 (2d Cir. 2002); *Paradis*, 348 F. Supp.2d at 114.[3]

10. The Montreal Convention provides the exclusive cause of action for plaintiffs' delay claims. Accordingly, the State Court Action is removable by AeroSur USA under 28 U.S.C. § 1441 because it is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, in that plaintiffs' claims arise under the Montreal Convention, a treaty of the United States. *See Potter v. Delta Air Lines, Inc.*, 98 F.3d 881, 883 n.4 (5th Cir. 1996) ("The Warsaw Convention is a treaty of the United States . . ., the interpretation of which is a federal question, *see* 28 U.S.C. § 1331 (1993).") (citation omitted).

11. This Court is the United States District Court embracing the place where the State Court Action is pending.

12. Pursuant to 28 U.S.C. § 1446(d), AeroSur USA will promptly give written notice of this Notice of Removal to plaintiffs, will serve a copy of this Notice of Removal on

---

[2] In *Weiss v. El Al Israel Airlines, Ltd.*, 433 F.Supp.2d 361, 366-69 (S.D.N.Y. 2006), this Court held that the overbooking claim in that case was for contractual non-performance rather than for delay, but *Weiss* involved the *outbound* leg of a roundtrip flight, as opposed to the situation here and in *Paradis*, which involved the *return* leg of a roundtrip flight. *See Paradis*, 348 F. Supp.2d at 113. Any uncertainty as to the correctness of the Court's holding in *Paradis* that the plaintiff's overbooking claim was a delay claim under the Montreal Convention was removed by the Second Circuit's order affirming that decision in August 2006, three months after the *Weiss* opinion was issued.

[3] As discussed in AeroSur USA's Motion to Dismiss and accompanying Memorandum of Law, which are being filed simultaneously with this Notice of Removal, plaintiffs' Verified Complaint consists entirely of state and federal statutory and common law claims, all of which are completely preempted by the Montreal Convention.

4

plaintiffs and will file a copy of this Notice of Removal with the Clerk of the Court in the State Court Action.

WHEREFORE, defendant AeroSur USA, Inc. hereby removes the State Court Action to this Court.

Dated: June 20, 2007
New York, New York

>Respectfully submitted,
>FREEHILL HOGAN AND MAHAR, LLP
>Attorneys for Defendant AeroSur USA, Inc.
>
>By: *(signature)*
>Patrick J. Bonner
>80 Pine Street
>New York, NY 10005
>(212) 425-1900
>(212) 425-1901 fax
>bonner@freehill.com
>N.Y. Bar No. 1316132

Of Counsel:

Kenneth S. Nankin
Nankin & Verma PLLC
888 Seventeenth Street, NW, Suite 700
Washington, DC 20006
(202) 463-4911
(202) 463-6177 fax
ksn@nankin.com

# EXHIBIT A

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------X Index No. 020439 CV 2007

James F. Simermeyer and
James F. Simermeyer II,

                Plaintiffs,

  -against-

AreoSur USA,

                Defendant.

Plaintiffs designate New York
as the place of trial

The basis of the venue is place
of ticket purchase and plaintiff pace
of business

SUMMONS AND VERIFIED
COMPLAINT

---------------------------------------X

    **YOU ARE HEREBY SUMMONED** to appear in the Civil Court of the City of New York, County of New York, at the offices of the clerk of the said court located at 111 Centre Street, in the County of New York, City of New York and State of New York, within the time provided by law as noted below and to file your Answer to the Complaint with the Clerk. Upon your failure to answer, judgment will be taken against you for the relief demanded in the Complaint, together with interest thereon from the 3rd day of January, 2007 together with costs and disbursements of this action.

Dated: New York, New York
       April 25, 2007

James F. Simermeyer
Attorney at Law
27 Union Square West
Suite 501
New York, New York 10003
212-691-7070

[SERVED stamp: DATE 25 May 07, MIAMI-DADE POLICE DEPARTMENT, OFFICE OF THE METROPOLITAN SHERIFF, COURT SERVICES BUREAU, MIAMI-DADE COUNTY, FLORIDA]

Defendants Address:
6355 North West 36th Street
Suite 602
Miami Florida 33166

NOTE: the law provides that
    A)    If this summons is served by its delivery to you personally within the City of New York, you must appear and answer within TWENTY days after such service.
    B)    If this summons is served by any means other than personal delivery to you within the City of New, you must appear and answer within THIRTY days after the proof of service thereof is filed with the Clerk of this Court.

[Stamp: NOTARIZE SEE AFFIDAVIT RETURN]

[Stamp: Filed 04/27/2007 N.Y. County, NY 020439 CV 2007]


CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------X Index No.
James F. Simermeyer and James F. Simermeyer II,
                Plaintiffs,

    -against-                          **Verified Complaint**

AeroSur USA,
                Defendant.
-------------------------------------------------X

      The plaintiffs by their attorney, James F. Simermeyer makes the following allegations:

1-    At all times mentioned herein, James F. Simermeyer and James F. Simermeyer II are residents of the State of New York.

2-    At all times herein mentioned, the defendant, AeroSur USA is a commercial airliner that does business in the State of New York.

3-    At all times herein mentioned, AeroSur USA is duly licensed to do business in the United States and to carry passengers from the United States to Bolivia South America.

4-    At all times herein mentioned, AreoSur USA advertised to sell flights to New York Residence and sold tickets for travel on AreoSur to New York residence.

5-   At all times herein mentioned the defendant sold tickets to the plaintiffs based on advertisement made in New York and telephone calls from plaintiffs that originated in New York City.

6-   Flight information and reservation confirmation was made in New York City from the offices of the plaintiff, James F. Simermeyer, at 27 Union Square West, Suite 501, New York, New York 10003.

7-   Credit card authorizations were forwarded by facsimile to plaintiff, James F. Simermeyer office and was signed and returned via facsimile to AreoSur USA...

9-   Several days after the credit card authorizations were signed, the physical tickets were delivered to James F. Simermeyer in New York State.

I-   **As and for a First Cause of Action**

10-  Plaintiffs reiterate and repeat paragraphs 1-9 as if fully set forth herein.

11-  The defendant received funds from the plaintiffs and failed to provide services for the funds.

12-  The defendant failed to provide two business class round trip flights to the plaintiffs as agreed and stated on the tickets that were paid for by plaintiffs.

**II-    As and For a Second Cause of Action**

13-    Plaintiffs reiterate and repeat paragraphs 1-12 as if fully set forth herein.

14-    The Defendant received money from the plaintiffs and failed to provide a service and failed to return the funds to the plaintiffs or credit the credit card account of the plaintiffs for the air lines tickets.

15-    Defendant had and received money form the plaintiffs and refused to return said funds.

**III-    As and For a Third Cause of Action**

15-    Plaintiffs reiterate and repeat paragraphs 1-15 as if fully set forth herein.

16-    The defendant caused the plaintiffs to rely upon its representation that the purchase of airlines tickets from the defendant, AreoSur USA would insure two business class seats on AreoSur USA on the days contracted to fly for a sum certain.

17-    Based upon this reliance the plaintiffs paid the amount charged by defendant in advance with reservations on specific times and flight in the business class cabin.



(FAX)                                                                                     P. 006/013

18-    The defendant failed to provide a round trip flight in business class for the plaintiffs as represented and paid for by plaintiffs.

IV-    As and For a Fourth Cause of Action

19-    ~~Plaintiffs reiterate and repeat paragraphs 1-18 as if fully set forth herein.~~

20-    The defendant's failure to provide two round trip business class flights to the plaintiffs on the days promised and written on tickets was a breach of contract.

V-     As and For a Fifth Cause of Action

21-    Plaintiffs reiterate and repeat paragraphs 1-20 as if fully set forth

22-    The defendants treated the plaintiffs in a disparate manner by refusing to allow plaintiffs their seats as agreed and paid for by plaintiffs.

23-    The defendants gave the reserved seats to Bolivian Nationals and refused to allow two Americans to board the plane.

24-    The actions were discriminatory and treatment was disparate and in violation of the New York State, New York City and Federal laws against discrimination based upon national origin.

25- Statements were made by the defendant airlines personal calling the plaintiffs "gringo pigs".

26- The defendant, airlines refused to reimburse the money paid for the flights.

27- ~~The defendant, airlines refused to return the tickets that they failed to honor and~~ belonged to the plaintiffs.

28- The defendant airlines failed to assist plaintiffs in alternate travel arrangements causing the plaintiffs to expend large sums of money to obtain a flight back to the United States

29- The defendants further acted in a retaliatory manner by failing to respond to written complaint by the plaintiffs seeking refund of money to plaintiffs.

30- The actions of the defendant placed the plaintiffs in fear for their safety and ability to flee the airport and country.

31- Threats were made that put the plaintiffs in fear for their safety and well being causing great emotional distress.

VI-   As and For a Sixth Cause of Action

32-   Plaintiffs reiterate and repeat paragraphs 1-31 as if fully set forth herein.

33-   The defendant received money that it converted for its own use and purposes without providing services paid for by plaintiffs.

VI-   As and For a Seventh Cause of Action

34    Plaintiffs reiterate and repeat paragraphs 1-33 as if fully set forth herein.

35-   The defendants by its actions violated the consumer laws of the State of New York, City of New York and Federal Statutes and Codes.

36-   Specifically, the violations was the failure to provide the services promised and paid for by passenger and residents of the New York for round trip flights in business class by an airlines selling tickets to the public for such purposes.

   Wherefore, the plaintiffs requests judgment as follows:

1-   On the First Cause of Action in the sum of $5,200.00;
2-   On the second Cause of Action in the sum of $5,200.00;
3-   On the third Cause of Action in the sum of $5,200.00;
4-   On the Fourth Cause of Action in the sum of $ 5,200.00;
5-   On the Fifth Cause of Action in the maximum amount that this Court can award.;
6-   On the Sixth Cause of Action in the sum of $ 5, 200.00;
7-   On the Seventh Cause of Action in the maximum amount permitted by the laws and under the jurisdiction of this Court;
8-   Attorneys fees, costs and disbursements and for such further relief that this Court may deem just and proper.

Dated: New York, New York
April 25, 2007

James F. Simermeyer
Attorney at Law
27 Union Square West
Suite 501
New York, New York 10003
Tel.212-691-7070

The plaintiff has complied with section 22 NYCRR 130-1.1 and the allegations contained in this complaint are not frivolous.

Dated: NY, NY
April 25, 2007

James F. Simermeyer

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------X Index No.
James F. Simermeyer and James F. Simermeyer II,
              Plaintiffs,

                                          **SUMMONS**
   -against-                                 **Verified Complaint**

AeroSur USA,
              Defendant.
-------------------------------------------------------------X

**JAMES F. SIMERMEYER**
**ATTORNEY FOR PLAINTIFFS**
**27 UNION SQUARE WEST**
**SUITE 501**
**NEW YORK, NEW YORK 10003**
**TEL.212-691-70707**

# James F. Simermeyer

Attorney at Law

27 Union Square West • Suite 501
New York, New York 10003
Telephone: (212) 691-7070 • Fax: (212) 691-7097
jsimermeyer@cs.com

February 6, 2007

Ms. Annabella Ferero
AeroSur USA
6355 North West 36th Street
Suite 602
Miami, Florida 33166

Re:  James F. Simermeyer and James F. Simermeyer, Jr; "cancellation of our business class seats from Santa Cruz Bolivia to Miami, USA on January 3, 2007.

Dear Ms. Ferero:

Pursuant to our telephone conversation this letter is written concerning the above referenced matter. The facts of this matter are simple and not in dispute, although your airlines showed no professionalism in handling this problem and only compounded the problem by being rude and vulgar to my son and to me.

I purchased two business class sets for my son and me. We left Miami, USA to Santa Cruz, Bolivia on December 26, 2007 and arrived in Bolivia on December 27, 2007. We were scheduled to leave Santa Cruz, Bolivia for Miami, USA on January 3, 2007.

When we arrived at the airport and waited in a chaotic line (no business class line was ever formed) and upon reaching the counter we were told that our specific seats were cancelled because the flight was overbooked.

After I questioned the "supervisor" how this could happen and that my son was due back in college for a sports event and I was due in Federal Court on a case, the supervisor said too bad I am giving priority to Bolivians if there are any seats available. I asked what I could do and I was told come back next time we fly and see if you get a seat.

It was clear that this "supervisor" was not going to be helpful and was going out of her way to be rude and vulgar to my son and me.

I went to the American Airlines Counter and asked for their help in getting me and my son home due to the fact that we were "cancelled" from our prepaid pre-booked flight on your airlines. I explained the importance of being able to return as scheduled and due to the fat that I fly over 1,000,000 miles a year American gave us a set in business class.

However, the last minute changes resulted in a much higher charges than I paid by purchasing tickets in advance, as I am sure you understand.

Accordingly, I demand that I be compensated in the sum of $10,000.00. The cost to fly home was $5,000.00 and the loss of time and aggravation was at a minimum $5,000.00. This offer is made to you in order to avoid a long and expensive bout in the courts and any more of my time. In the event I am forced to proceed with legal action I will seek full redress for my son and myself, for money lost and emotional distress caused by your company's actions.

Let this letter guide your decision and response to this matter. In the event I do not receive a response in ten days from the date of this letter, I will seek intervention from the judicial system in New York.

Yours truly,

James F. Simermeyer

## VERIFICATION

State of New York: County of New York:

I, the undersigned, being duly sworn, deposes and says: I am the Plaintiff in the action; I am over the age of 21 years and have offices located at 27 Union Square West Suite 501, NY, NY 10003, I have read the foregoing complaint and know the contents thereof; the same is true to my own knowledge, except as to matter therein stated to be alleged on information and belief; and as to those matters I believe to be true.

_James F. Simermeyer_

Sworn to me this 25th day of April, 2007

_Notary Public_

HARRY B. WALLACE
Notary Public, State of New York
No. 31-4780275
Qualified in New York County
Commission Expires 6/30/2011