

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

James F. Simermeyer and James F. Simermeyer II,

              Plaintiffs

   -against-

AeroSur USA,

             Defendant

------------------------------------------------------------------------x

07 Civ. _____

JUDGE PRESKA

## DEFENDANT'S MEMORANDUM OF LAW
## IN SUPPORT OF ITS MOTION TO DISMISS

FREEHILL HOGAN AND MAHAR, LLP
Attorneys for Defendant AeroSur USA, Inc.
80 Pine Street
New York, NY  10005
(212) 425-1900
(212) 425-1901 fax
bonner@freehill.com
Patrick J. Bonner
N.Y. Bar No. 1316132

Of Counsel:

Kenneth S. Nankin
Nankin & Verma PLLC
888 Seventeenth Street, NW, Suite 700
Washington, DC  20006
(202) 463-4911
(202) 463-6177 fax
ksn@nankin.com

NYDOCS1/285534.1

Defendant AeroSur USA, Inc. ("AeroSur USA"), by counsel, hereby files its Memorandum of Law in support of its Motion to Dismiss plaintiff's Verified Complaint ("Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6).

### Introduction

AeroSur USA is a corporation organized under the laws of Florida, with its principal place of business at 6355 N.W. 36th Street, Suite 602, Miami, Florida 33166. AeroSur USA is an air carrier that is in engaged in the international carriage of passengers, baggage and cargo between Santa Cruz, Bolivia and Miami, Florida, among other routes.

Plaintiffs allege in their Complaint that they traveled as ticketed passengers on an AeroSur USA flight from Miami, Florida to Santa Cruz, Bolivia, on December 26-27, 2006. Plaintiffs allege that when they appeared at the airport on January 3, 2007 for their return flight to Miami, AeroSur USA personnel informed them that such flight was overbooked and that they should return for AeroSur USA's next flight to Miami to see if seats would be available. Plaintiffs allege that, instead of returning for the next AeroSur USA flight to Miami, they purchased and used tickets on a different airline.

On or about April 27, 2007, plaintiffs commenced a civil action in the Civil Court of the City of New York, County of New York, against AeroSur USA entitled *James F. Simermeyer and James F. Simermeyer II v. AeroSur USA*, Civil Court of the City of New York, County of New York, Index No. 020439 CVN 2007. In their Complaint, plaintiffs advance seven causes of action arising under various state and federal statutes and common law doctrines.

On June 20, 2007, AeroSur USA filed a timely Notice of Removal with this Court, and now files this Motion to Dismiss.

### Motion to Dismiss Standards

In evaluating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b), "a court must assume that the allegations set forth in the complaint are true, and the motion may be granted only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Paradis v. Ghana Airways Ltd.*, 348 F. Supp.2d 106, 110 (S.D.N.Y. 2004) (citations omitted), *aff'd*, 194 Fed. Appx. 5 (2d Cir. 2006).

### Argument

#### Plaintiffs' Claims Arise Under the Montreal Convention, Which Preempts the State and Federal Claims Alleged in Plaintiffs' Complaint.

In their Complaint, plaintiffs allege that when they appeared at the airport in Bolivia on January 3, 2007 for their return flight to Miami, AeroSur USA personnel informed them that such flight was overbooked and that they should return for AeroSur USA's next flight to Miami to see if seats would be available. Plaintiffs allege that, instead of returning for the next AeroSur USA flight to Miami, they purchased and used tickets on a different airline.

**A.     Plaintiffs' Claims Arise Exclusively Under the Montreal Convention.**

Given the foregoing allegations in the Complaint, plaintiffs' claims arise exclusively under the Convention for the Unification of Certain Rules for International Carriage by Air, Done at Montreal on May 28, 1999 ("Montreal Convention"). The Montreal Convention superseded its predecessor, the Convention for the Unification of Certain Rules Relating to International Carriage by Air, Oct. 12, 1929 ("Warsaw Convention"), which had previously governed air carrier liability related to international flights. Montreal Convention, S. Treaty Doc. No. 106-45, 1999 WL 33292734; *Paradis*, 348 F. Supp.2d at 111 ("The Montreal

Convention . . . replaced the Warsaw Convention entirely.").[1]  A copy of the Montreal Convention is attached hereto as Exhibit A and incorporated herein.

The United States is a signatory to the Montreal Convention.  U.S. Department of State, *Treaties in Force 2006* at 384-85.  See Exhibit B attached hereto and incorporated herein.  Like the Warsaw Convention, the Montreal Convention is a treaty ratified by the United States and is thus "the law of the land."  *El Al Israel Airlines, Ltd. v. Tseng*, 525 U.S. 155, 167 (1999).  The provisions of the Montreal Convention are very similar, and in some instances identical, to those of the Warsaw Convention, and should be interpreted similarly.  *Paradis*, 348 F. Supp.2d at 111; *Baah v. Virgin Atlantic Airways Ltd.*, 473 F.Supp.2d 591, 595-97 (S.D.N.Y. 2007).

Article 1(1) of the Montreal Convention provides that it applies "to all international carriage of persons, baggage or cargo performed by aircraft for reward."  Article 1(2) defines "international carriage" as follows:

> [A]ny carriage in which, according to the agreement between the parties, the place of departure and the place of destination, whether or not there be a break in the carriage or a transhipment, are situated either within the territories of two States Parties, or within the territory of a single State Party, if there is an agreed stopping place within the territory of another State, even if that State is not a State Party.

Plaintiffs' "place of departure" and "place of destination" was the United States, with an intermediate stop in Bolivia.  Because the United States is a State Party to the Montreal Convention and because plaintiffs' air travel involved "international carriage" as defined in Article 1(2), the Montreal Convention governs the rights and liabilities of plaintiffs and AeroSur USA.  *See Alexander v. Pan American World Airways, Inc.*, 757 F.2d 362, 363

---

[1] "The Montreal Convention is the product of an effort by the International Civil Aviation Organization, a specialized agency of the United Nations, to reform the Warsaw Convention so as to harmonize the hodgepodge of supplementary amendments and intercarrier agreements of which the Warsaw Convention system of liability consists." *Ehrlich v. American Airlines, Inc.*, 360 F.3d 366, 371 (2d Cir. 2004) (citation omitted).

(D.C. Cir. 1985) ("If [plaintiff] flew on a round trip ticket from the United States to Jamaica and back, as seems likely, the flight was international under the terms of the Warsaw Convention. . . . This is true because the United States is a High Contracting Party to the Convention, and round trips originating in and going outside High Contracting Parties are international under the Convention, regardless of whether the intermediate destination is a High Contracting Party.").

### B. The Montreal Convention Preempts the Claims in the Complaint.

Plaintiffs' Complaint consists entirely of state and federal statutory and common law claims, all of which are completely preempted by the Montreal Convention.

Plaintiffs admit in their Complaint that AeroSur USA transported them from Miami to Bolivia. Plaintiffs allege that when they appeared at the airport for their return flight to Miami, AeroSur USA personnel informed them that such flight was overbooked and that they should return for AeroSur USA's next flight to Miami to see if seats would be available. Plaintiffs allege that, instead of returning for the next AeroSur USA flight to Miami, they purchased and used tickets on a different airline.

Courts in this Circuit have consistently held that where, as in this action, (i) an airline has transported a plaintiff on some, but not all, segments of a roundtrip ticket, (ii) the airline denies the plaintiff transportation on the scheduled return flight but offers transportation on a later flight, and (iii) the plaintiff books travel on an alternate flight rather than allowing the airline to perform, the plaintiff's exclusive claim is for delay under Article 19[2] of the Montreal Convention (or the Warsaw Convention), which preempts the plaintiff's non-Convention claims. See Paradis, 348 F. Supp.2d at 112-14 ("A passenger cannot convert a mere delay

---

[2] Article 19 of the Montreal Convention provides as follows: "The carrier is liable for damage occasioned by delay in the carriage by air of passengers, baggage or cargo. Nevertheless, the carrier shall not be liable for damage occasioned by delay if it proves that it and its servants and agents took all measures that could reasonably be required to avoid the damage or that it was impossible for it or them to take such measures." See Exhibit A hereto.

into contractual non-performance by choosing to obtain more punctual conveyance.") (citations omitted); *Minhas v. Biman Bangladesh Airlines*, 1999 WL 447445 (S.D.N.Y. 1999); *Alam v. Pakistan Int'l Airlines Corp.*, 1995 WL 17201349 (S.D.N.Y. 1995), *report adopted*, 1995 WL 489709 (S.D.N.Y. 1995); *Malik v. Butta*, 1993 WL 410168 (S.D.N.Y. 1993); *see also Ratnaswamy v. Air Afrique*, 1998 WL 111652 (N.D. Ill. 1998); *King v. American Airlines, Inc.*, 284 F.3d 352, 361-62 (2d Cir. 2002) (holding that the Warsaw Convention preempts federal statutory discrimination claims).[3] Accordingly, the Montreal Convention preempts all of the state and federal claims set forth in plaintiffs' Complaint. As a result, the Complaint fails to state a claim upon which relief can be granted.

WHEREFORE, defendant AeroSur USA, Inc. requests that the Court dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

Dated:  June 20, 2007
        New York, New York

By:
Respectfully submitted,
FREEHILL HOGAN AND MAHAR, LLP
Attorneys for Defendant AeroSur USA, Inc.

Patrick J. Bonner
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
bonner@freehill.com
N.Y. Bar No. 1316132

---

[3] In *Weiss v. El Al Israel Airlines, Ltd.*, 433 F.Supp.2d 361, 366-69 (S.D.N.Y. 2006), this Court held that the overbooking claim in that case was for contractual non-performance rather than for delay, but *Weiss* involved the *outbound* leg of a roundtrip flight, as opposed to the situation here and in *Paradis*, which involved the *return* leg of a roundtrip flight. *See Paradis*, 348 F. Supp.2d at 113. Any uncertainty as to the correctness of the Court's holding in *Paradis* that the plaintiff's overbooking claim was a delay claim under the Montreal Convention was removed by the Second Circuit's order affirming that decision in August 2006, three months after the opinion in *Weiss* was issued.

NYDOCS1/285534.1                                            6

Of Counsel:

Kenneth S. Nankin
Nankin & Verma PLLC
888 Seventeenth Street, NW, Suite 700
Washington, DC 20006
(202) 463-4911
(202) 463-6177 fax
ksn@nankin.com